UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICE PEELER, | No. 2:16-cv-0582 CKD P |
| Plaintiff, | |
| v. | ORDER |
| KEVIN REALI, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

////

III. Discussion

A. Allegations

Plaintiff names two defendants: Detective Reali of the Sacramento County Sheriff's Department and the County of Sacramento. (ECF No. 1.) His allegations concern his September 19, 2012 arrest by county law enforcement, after which he was initially charged with one count of assault with a deadly weapon. (Id. at 3.) The information was later amended to include assault with a deadly weapon on a police officer. (Id. at 4.) A report written by defendant Reali stated that plaintiff pointed the gun he was carrying at an officer who was driving toward him. (Id.; see id. at 18.) The information was amended again to include assault with a deadly weapon on a second officer, Reali. (Id. at 5; see id. at 53-54.) Plaintiff went to jury trial and was found not guilty of this count, though guilty of other counts. (Id. at 6; see id. at 39, 75-76.)

Plaintiff alleges that what Reali wrote in his report was different from what he testified at trial, subjecting plaintiff to false arrest. (Id. at 7; see id. at 65.) The jury did not believe Reali's allegedly fabricated statements and acquitted plaintiff of the false charges. (Id. at 7-8.) Plaintiff claims the prosecutor engaged in malicious prosecution[1] and that plaintiff's due process rights were violated in this criminal proceeding. (Id. at 5.)

B. Malicious Prosecution

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of his "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983; Monell v. Dep't of Social Servs., 436 U.S. 658, 690-95 (1978). In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995). In addition, plaintiffs must allege and prove the "termination of the prior criminal proceeding in favor of the accused." Heck v. Humphrey, 512 U.S. 477, 483 (1994).

---

[1] Plaintiff makes various allegations against prosecutor Aaron Miller; however, Miller is not named as a defendant.

3

When a plaintiff is convicted on some counts and acquitted on others, he can claim malicious prosecution on those counts of which he was acquitted. See Rezek v. City of Tustin, 2014 WL 3738064, *3 (C.D. Cal. July 25, 2014), citing Poppell v. City of San Diego, 149 F.3d 951, 963 (9th Cir.1998) ( "[A] prosecution can be malicious with respect to some counts in a complaint even though other counts resulted in a conviction."). "An acquittal, however, reveals very little – if anything – about whether the charges were procured with malice. Any number of innocent factors can contribute to an acquittal, including the high burden of proof." Poppell, 149 F.3d at 963.

Malicious prosecution actions are not limited to suits against prosecutors but may be brought against other persons who have wrongfully caused the charges to be filed. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126-27 (9th Cir. 2002). While courts presume the prosecutor exercised independent judgment in determining that probable cause existed to bring a criminal charge, "the presumption of prosecutorial independence does not bar a subsequent § 1983 claim against state or local officials who ... knowingly provided misinformation to [the prosecutor] ... or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004).

C. Analysis

As a preliminary matter, court records show that plaintiff is pursuing a federal habeas action challenging his conviction on charges for which he was found guilty in the criminal proceeding discussed in this action. Peeler v. Davey, No. 2:15-cv-2582 TLN CKD P (E.D. Cal.). The instant action seeks civil damages for the alleged malicious prosecution of the count on which he was acquitted: Count Two, violation of Cal. Penal Code § 245(d)(2), assault with a semiautomatic firearm on Sacramento Sheriff's Department Detective Reali. (See ECF No. 1 at 75.) Any purported § 1983 claims as to other counts resulting in convictions are barred by the doctrine in Heck, supra, 512 U.S. at 483.

As to Count Two, plaintiff has not stated a cognizable claim for malicious prosecution against defendant Reali under the above standard. Any allegation that Reali knowingly provided

misinformation in his report of the September 19, 2012 incident is merely conclusory. While the court must assume that plaintiff's factual allegations are true, it is not required to accept as true allegations that contradict exhibits attached to the complaint or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). At any rate, plaintiff appears to argue that Reali lied at trial, not in his written report. (See ECF No. 1 at 7.)

Plaintiff's assertion that Reali lied under oath at trial is equally conclusory, however, and does not support a malicious prosecution claim, which concerns the initiation of criminal proceedings. Nor has plaintiff alleged facts showing that Reali violated his federal due process rights. See Awabdy, 368 F.3d at 1069 ("[N]o substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause.").

Finally, plaintiff does not state a cognizable claim against the County of Sacramento. A municipal entity or its department is liable under § 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. See Villegas v. Gilroy Garlic Festival Association, 541 F.3d 950, 964 (9th Cir. 2008) (citing Monell, 436 U.S. at 690–94). Plaintiff has not alleged an unconstitutional policy or custom on the part of the county.

For these reasons, plaintiff's complaint will be dismissed. However, plaintiff will be granted one opportunity to amend the complaint.

IV. Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: May 20, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / peel0582.14.new