UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICE ANTHONY PEELER,<br><br>           Plaintiff,<br><br>      v.<br><br>KEVIN REALI, et al.,<br><br>           Defendants. | No. 2:16-cv-0582 CKD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. On May 20, 2016, plaintiff's original complaint was dismissed with thirty days' leave to amend. (ECF No. 5.) Plaintiff's amended complaint is now before the court for screening. See 28 U.S.C. § 1915A(a). (ECF No. 10.) Plaintiff has consented to Magistrate Judge jurisdiction over all proceedings this action. (ECF No. 4.)

Plaintiff's original complaint alleged that Sacramento County Detective Reali caused plaintiff to be maliciously prosecuted on a criminal firearm count. At trial, plaintiff was acquitted of this count, though found guilty of other counts stemming from the same incident. (See ECF No. 5.) In the amended complaint, plaintiff names additional defendants in Sacramento County law enforcement, including the prosecutor in plaintiff's case, Aaron Miller. (ECF No. 10.) Plaintiff asserts that Miller maliciously amended the information to charge him with two additional felonies after plaintiff filed an excessive force claim against the officers involved in

1

1  plaintiff's arrest.  (Id. at 20-21, 31-36, 42.)  Plaintiff was subsequently found not guilty of one of

2  these charges.  (Id. at 83.)  Plaintiff alleges that malicious prosecution is "persistent and

3  widespread" in Sacramento County, amounting to a municipal policy.  (Id. at 17.)

4     Having reviewed the amended complaint and attached records, the undersigned concludes

5  that it fails to cure the defects of the original complaint as discussed in the May 20, 2016

6  screening order.  Plaintiff fails to state a malicious prosecution claim under the standard in

7  Freeman v. City of Santa Ana, 68 F.3d 1180 (9th Cir. 1995) and has not alleged an

8  unconstitutional county policy.  Because it appears that another round of amendment would be

9  futile, the undersigned will dismiss this action for failure to state a claim.

10    Accordingly, IT IS HEREBY ORDERED that this action is dismissed without prejudice

11  for failure to state a claim.

12  Dated: September 21, 2016

13  _____
    CAROLYN K. DELANEY
14  UNITED STATES MAGISTRATE JUDGE

19  2 / peel0582.fac