UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRICE ANTHONY PEELER,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN REALI, et al.,<br><br>Defendants. | No. 2:16-cv-00582 CKD P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this federal civil rights action pursuant to 42 U.S.C. § 1983.

**I.  Procedural History**

On May 20, 2016, plaintiff's original complaint was dismissed with leave to amend. ECF No. 5. Thereafter, plaintiff's amended complaint alleging false arrest and malicious prosecution was dismissed without prejudice by the undersigned based on plaintiff's consent to proceed before a United States Magistrate Judge. ECF Nos. 4, 10. On October 25, 2016, plaintiff appealed the dismissal of his amended complaint to the Ninth Circuit Court of Appeals. ECF No. 17.

On January 22, 2018, the Ninth Circuit vacated and remanded plaintiff's case in light of its decision in Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017), which requires all parties, including unserved defendants, to consent to proceed before a magistrate judge. ECF No. 25.

1

The Court of Appeals concluded that the undersigned lacked jurisdiction to dismiss plaintiff's amended complaint because defendants had not consented to proceed before the magistrate judge. Id. Accordingly, the undersigned will proceed to re-screen plaintiff's first amended complaint in light of the Ninth Circuit's mandate. ECF No. 26.

**II. Re-Screening of First Amended Complaint**

Plaintiff's original complaint alleged that Sacramento County Detective Reali caused plaintiff to be maliciously prosecuted on a criminal firearm count. At trial, plaintiff was acquitted of this count, though found guilty of other counts stemming from the same incident. See ECF No. 5. In the first amended complaint, plaintiff names additional defendants in Sacramento County law enforcement, including the prosecutor in plaintiff's case, Aaron Miller. ECF No. 10. Plaintiff asserts that Miller maliciously amended the information to charge him with two additional felonies after plaintiff filed an excessive force claim against the officers involved in plaintiff's arrest. Id. at 20-21, 31-36, 42. Plaintiff was subsequently found not guilty of one of these charges. Id. at 83. Plaintiff alleges that malicious prosecution is "persistent and widespread" in Sacramento County, amounting to a municipal policy. Id. at 17.

**III. Analysis**

Having reviewed the first amended complaint and attached records, the undersigned concludes that it fails to cure the defects of the original complaint as discussed in the May 20, 2016 screening order. Plaintiff fails to state a malicious prosecution claim under the standard in Freeman v. City of Santa Ana, 68 F.3d 1180 (9th Cir. 1995) and has not alleged an unconstitutional municipal policy. Because it appears that another round of amendment would be futile, the undersigned will recommend dismissal of this action for failure to state a claim.

Accordingly, IT IS HEREBY ORDERED that this case be randomly assigned to a district court judge.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 6, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/peel0582.f&r.docx